UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANPREET SINGH BATH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TAMMY FOSS,<br><br>　　　　　Defendant.[1] | Case No. 3:18-cv-00508-JD<br><br>**ORDER RE PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 1 |

Petitioner Amanpreet Singh Bath is a California state prisoner who seeks federal habeas relief under 28 U.S.C. §§ 2254(d)(1) and (d)(2). Dkt. No. 1. He was charged with two counts of rape by an intoxicating, anesthetic or controlled substance, Cal. Penal Code § 261(a)(3) (Counts 1 and Four), one count of kidnapping to commit rape, Cal. Penal Code § 209(b)(1) (Count Two), and one count of simple kidnapping, Cal. Penal Code § 207(a) (Count Three), the last as a lesser included offense to Count Two. Dkt. No. 11-3 at ECF pp. 28-31; Dkt. No. 11-4 at ECF p. 111. A jury convicted Bath of Counts 1, 2 and 4 and did not return a verdict on the lesser included offense charge in Count 3. Dkt. No. 1 at 2. Bath was sentenced to a prison term of life, with the possibility of parole. *Id.*

Bath contends that the jury instruction on the kidnapping to commit rape count violated due process because it did not include an essential element of the crime -- the intent to commit rape. On direct appeal, the California Court of Appeal found a procedural default, rejected Bath's arguments on the merits, and concluded that, to the extent errors might have occurred, they were

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court Substitutes Tammy Foss, Acting Warden, Salinas Valley State Prison, as defendant in this action.

1  harmless. Bath has not presented a reason to reach a different outcome here, and so the petition is
2  denied.

## BACKGROUND

The California Court of Appeal provided a detailed account of the material facts and trial proceedings that will not be repeated *in toto* here. *People v. Bath*, No. H041250, 2016 WL 4156880 (Cal. Ct. App. Aug. 5, 2016) (unpublished). The petition attacks only Bath's conviction for kidnapping with intent to rape the victim known as "N." Bath received his life sentence on this count. He was also convicted of raping N., and another victim "V.," by means of an intoxicating substance.

The relevant facts are straightforward. In January 2012, N. joined her friends for a night out. They consumed some alcoholic beverages at a friend's home and more at a nightclub they went to later. N. had too much to drink and testified at trial that she was able to walk and talk, but did not recall portions of the evening.

Bath was working as a cab driver that night. A male friend helped N. into Bath's taxi and told him not to start the meter while he gathered the rest of their group. The next thing N. remembered was feeling someone behind her and a penis penetrating her vagina. She passed out, and when she became aware again, she still felt the penis inside her vagina. She passed out once more, and on waking saw Bath standing outside the cab and adjusting his pants or belt. She told Bath to take her to her male friend's house, which he did. Then she fell asleep.

After waking up, N. called the police, met with a police officer and went to the hospital for a sexual assault examination. The exam revealed that N. had bruises on her thigh, buttock, ear, and internally on her cervix. A swab revealed the presence of defendant's sperm.

At trial, Bath's main defense was that N. had consented to both driving away from the nightclub and to sexual intercourse. The jury was not convinced and Bath was convicted.

In this petition, Bath challenges the instruction given to the jury for the kidnapping with intent to rape count. Bath did not object to the instruction at trial. Even so, he argued on direct appeal that the instruction violated his constitutional rights because it defined kidnapping with intent to rape as a general intent crime when it is a specific intent crime. Specifically, Bath

2

contended that kidnapping with intent to rape is a specific intent crime that required the jury to find he kidnapped N. with the intent of having sex without her consent. In Bath's view, a jury could not convict him if he actually, even if unreasonably, believed that N. would consent to sex.

The California Court of Appeal rejected his argument for three reasons. First, it held that Bath had waived this claim because he did not raise it at trial. *Bath*, 2016 WL 4156880, at *13. Second, the court found that Bath had cited "no case holding that a defendant may not be convicted of kidnapping to commit rape if he has an unreasonable but good faith belief that the victim will consent to intercourse." *Id.* Third, it concluded "we would find the error harmless under any standard" since Bath's "testimony did not provide a basis for the jury to find that defendant actually believed, at the time of the initial movement, that N. would consent to sexual intercourse." *Id.* The California Supreme Court denied Bath's petition for review.

## LEGAL STANDARDS

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Martinez v. Sullivan*, No. 17-cv-04436-JD, 2019 WL 1877347, at *2 (N.D. Cal. Apr. 26, 2019). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the

3

prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409. "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Under Section 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000). In conducting its analysis, the federal court must presume the correctness of the state court's factual findings, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Section 2254(d)(2) also sets "a daunting standard -- one that will be satisfied in relatively few cases. Nevertheless, the standard is not impossible to meet." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Miller-El*, 537 U.S. at 340 ("Deference does not by definition preclude relief. A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable.").

The state court decision to which Section 2254(d) applies is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the Court looks to the last reasoned opinion from a lower court. *See Nunnemaker*, 501 U.S. at 801-06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). In this case the Court looks to the opinion by the California Court of Appeal.

**DISCUSSION**

Bath essentially raises the same jury instruction challenge as he did at the California Court of Appeal. The court found three independent grounds for denying Bath's appeal. Bath has not

4

demonstrated a reason to find any of these grounds constitutionally infirm or otherwise subject to habeas relief.

## I. BATH PROCEDURALLY DEFAULTED ON HIS CLAIM

The court of appeal held that Bath had forfeited his instruction challenge by failing to request the specific intent instruction at trial. *Bath*, 2016 WL 4156880, at \*13. This determination is entitled to deference. The Court may not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Procedural default is a specific instance of the more general "adequate and independent state grounds" rule. *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994). Our circuit has recognized and applied the California contemporaneous objection rule in affirming denial of a federal petition on grounds where there was a complete failure to object at trial. *See Inthavong v. Lamarque*, 420 F.3d 1055, 1058 (9th Cir. 2005); *Paulino v. Castro*, 371 F.3d 1083, 1092-93 (9th Cir. 2004).

Bath has not met the stringent requirements that might excuse his default and allow habeas review by the Court. In cases where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. A petitioner must establish actual innocence in order to show that a fundamental miscarriage of justice would result from application of procedural default. *See Gandarela v. Johnson*, 286 F.3d 1080, 1085 (9th Cir. 2002); *Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001). Bath has not even purported to make any of these showings, let alone met these high standards.

## II. THE JURY INSTRUCTION WAS NOT IN ERROR

While the procedural default arguably is enough to deny the petition, the Court will address his claim on the merits. CALCRIM No. 1203, the instruction for kidnapping for rape that the trial court gave, states in pertinent part that "[t]o prove that the defendant is guilty of this

crime, the People must prove that . . . [t]he defendant intended to commit rape" and that he acted with that intent.

Bath has not shown an error that might warrant habeas relief for the challenged instruction. He claims that the trial court in effect "referred the jury to its instructions on the mental state required for rape" for the kidnapping with intent to rape count. Dkt. No. 1 at 25. But it did no such thing. As directed by CALCRIM No. 1203, the trial court instructed the jurors that, to "decide whether the defendant intended to commit ( rape) [sic], please refer to the separate instructions that I ( have given) [sic] you on that crime." Dkt. No. 11-4 at ECF pp. 97-98. This direction did not turn kidnapping with intent to rape into a general intent crime. It simply indicated that in order to know what it meant for Bath to kidnap to rape, the jury had to know what rape meant in the context of this case.

In addition, it was not an erroneous or even suspect practice for the trial court to refer to the previously delivered instructions. In reviewing an appeal of a conviction for assault with intent to commit forcible sexual penetration, the California Court of Appeal in *People v. Dillon*, 174 Cal. App. 4th 1367, 1379 (2009), held that jury instructions cannot be viewed in isolation and that a reasonable juror can understand if instructed to determine the meaning of an intent element by reference "to the instruction which defines" the crime he is alleged to have intended to commit.

The fact that the challenged instruction did not explicitly state that kidnapping with intent to rape was a specific intent crime is also not a basis for habeas relief. *Dillon* held the trial court "did not in any way entitle or induce jurors to assume that no specific intent was required for them to convict . . . when the instruction for that offense specified that he had to have the intent to commit the crime." *Id.* The same is true here.

A different result in *Hall v. Cullen*, No. 09-cv-05299-PJH, 2010 WL 2991663 (N.D. Cal. July 29, 2010), does not control in this case, as Bath repeatedly suggests. *See* Dkt. No. 1 at 8 n.3; *id.* at 20 n.6; *id.* at 26; Dkt. No. 14 at 6. To start, *Hall* is distinguishable in several respects. It involved a prisoner convicted of for assault with intent to commit forcible sexual penetration. He attacked form instructions CALCRIM No. 1045, which describes forcible sexual penetration, and CALCRIM No. 890, which describes assault with intent to commit certain crimes. In contrast,

Bath's jury was instructed with CALCRIM No. 1002, rape of an intoxicated woman, and CALCRIM No. 1203, kidnapping for robbery, rape or other sex offenses. The jury in Hall's case was also instructed with CALCRIM No. 252, "which distinguishes between those crimes that require proof of general intent and those that require proof of specific intent." *Hall*, 2010 WL 2991663, at *10. Assault with intent to commit forcible sexual penetration was not listed as a specific intent crime as CALCRIM No. 252 was delivered in *Hall*. *Id.* Bath's jury did not receive CALCRIM No. 252 with the challenged offense omitted. Accordingly, there was no suggestion that kidnapping with intent to rape required anything but specific intent in Bath's case.

Moreover, in *Hall*, the "record, including the testimony and the parties' closing arguments" contributed to "grave doubt as to whether the jury necessarily found that Hall assaulted [A.] with the intent to sexually penetrate her *against her will*." *Id.* at *18 (internal quotation and citation omitted). Here, the opposite is true. The California Court of Appeal found even defendant's "own testimony did not provide a basis for the jury to find that, at the time he began transporting N., he believed that she wanted to have intercourse with him." *Bath*, 2016 WL 4156880, at *13. Moreover, where *Hall* concerned one incident, Bath was charged with raping two intoxicated women, in two separate incidents under very similar circumstances. N.'s rape was subsequent to V.'s rape, so the jury could have used Bath's past acts as evidence of the intent to rape element of his kidnapping count. *See* Cal. Evid. Code. § 1101(b).

That the trial court did not instruct the jury that an unreasonable belief in consent was a valid defense to Bath's kidnapping with intent to rape charge was not an error. Consent, or lack thereof, is not an element of the type of rape that Bath was charged with. He was convicted of California Penal Code § 261(a)(3) where "actual consent is irrelevant and the jury instructions need not touch on that issue." *People v. Giardino*, 82 Cal. App. 4th 454, 461 (2000). Had the trial court not referred the jury to the instruction it had given for rape -- what Bath protests -- it might have erroneously instructed that an actual, even if unreasonable, belief in consent was a defense to the crime of kidnapping with intent to rape. The relevant mental state that Bath had to have while kidnapping N. was intent "to have intercourse with a person incapacitated by intoxication."

*People v. Braslaw*, 233 Cal. App. 4th 1239, 1249 (2015). The material question was whether N. had the capacity to consent, not whether she had consented.

In his traverse, Bath appears to have recognized this problem in his argument. There, he contended that the jury instruction should have said that "defendant must have specifically intended commission of intercourse without whatever kind of consent is required for the substantive offense -- in this matter, without 'legal' consent (the purported victim's capacity to validly engage in the act)." Dkt. No. 14 at 8. In the petition, however, Bath argued that the kidnapping to commit rape "instruction misdescribed the *mens rea* required for conviction and relieved the state of its burden to prove that Bath did not actually believe that [N.] would consent to intercourse." Dkt. No. 1 at 27.

This change is unavailing for two reasons. It is in effect a new claim that is different from the one he presented to the California Court of Appeal. Consequently, Bath did not exhaust state judicial remedies for it, and review by this Court is impermissible. 28 U.S.C. § 2254(b), (c). It is also unpersuasive on the merits. As discussed above, the jury was adequately instructed that kidnapping with intent to rape was a specific intent crime. Consequently, the court's instruction also informed the jury that they needed to find Bath intended to have sex with N. while she was incapacitated by intoxication in order to convict him on that count.

### III. ANY POTENTIAL ERROR WAS HARMLESS

As the court of appeal found, Bath cannot obtain relief because the alleged instruction error was harmless. To obtain federal collateral relief for a jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). The instruction may not be judged in isolation, but must be considered in the context of the instructions as a whole and the trial record. *Estelle*, 502 U.S. at 72. Specifically, the Court must evaluate jury instructions in the context of the overall charge to the jury as a component of the entire trial process. *United States v. Frady*, 456 U.S. 152, 169 (1982) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)); *Prantil v. California*, 843 F.2d 314, 317 (9th Cir. 1988).

The trial record as a whole shows no cognizable basis for habeas relief. The California Court of Appeal concluded that even if there was any error, it would be harmless. *Bath*, 2016 WL 4156880, at *13. It determined that there was no "basis for the jury to find that, at the time he began transporting N., he believed that she wanted to have intercourse with him." *Id.* Under *Davis v. Ayala*, 135 S.Ct. 2187, 2198 (2015), the state court's determination of harmless error is entitled to deference and requires that Bath show the instructional error resulted in actual prejudice, which, in turn, requires the federal court to have "grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *O'Neal v. McAnnich*, 513 U.S. 432, 436 (1995) (internal quotation and citation omitted). Bath has not made such a showing.

**CONCLUSION**

The petition is denied. A certificate of appealability is also denied. The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Cases, Rule 11(a).

The Court may grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Bath has not shown a certificate is warranted and it is not granted.

**IT IS SO ORDERED.**

Dated: August 23, 2019

JAMES DONATO
United States District Judge

9